UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                                          :

BILLY JAMES SIMS,                                        REPORT AND
                                                                            :           RECOMMENDATION

            Plaintiff,
                                                                             :

   -v.-                                                                              12 Civ. 202 ( PAC ) (GWG)

                                                                             :

TERI WOODS et al.,                                  :

            Defendants.                  :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Plaintiff has moved for a default judgment against defendants Leon Blue, Jr. and InfraRead Publishing, LCC ("InfraRead"). See Motion for Default Judgments, filed May 9, 2013 (Docket # 32) ("Mot."). Blue and InfraRead were served by the United States Marshals Service ("Marshals") with summonses and the Amended Complaint on October 1 and October 4, 2012. See Process Receipt and Return for Defendant Leon Blue, Jr. (annexed to Affirmation of Service of Second Amended Complaint, filed Mar. 25, 2013 (Docket # 30) ("3/15 Aff.")); Process Receipt and Return for Defendant InfraRead (annexed to 3/15 Aff.). Neither Blue nor InfraRead have appeared in this action or answered the Amended Complaint.

     Subsequent to this service, plaintiff requested permission to file the Second Amended Complaint on October 15, 2012, see Motion for Permission to File a Second Amended Complaint, filed Oct. 22, 2012 (Docket # 21), which was granted on November 15, 2012, see Memorandum Endorsement, filed Nov. 15, 2012 (Docket # 23). On February 20, 2013, plaintiff moved for a default judgment against Blue and InfraRead on the Second Amended Complaint, which the undersigned denied because there was no proof that the Second Amended Complaint had been served on any of the defendants. See Memorandum Endorsement, filed Feb. 25, 2013 (Docket # 27).

     On May 9, 2013, plaintiff filed the instant motion for default judgment against Blue and InfraRead. See Mot. In support of the motion, plaintiff notes that Blue and InfraRead were served by the Marshals with the Amended Complaint and that plaintiff mailed defendants copies of the Second Amended Complaint in March 2013. See Affirmation in Support of Motion for Default Judgments, dated May 6, 2013 (annexed to Mot.) ("5/6 Aff."), ¶¶ 3–8. Plaintiff argues that because Blue and InfraRead were properly served with the Amended Complaint, it was sufficient to deliver the Second Amended Complaint by first-class mail. See 3/15 Aff. ¶¶ 1–2. Plaintiff contends that "[t]he factual allegations of the Second Amended Complaint, except[] as [they] relate[] to damages, should be taken as true, and default judgments should be entered . . . ." 5/6 Aff. ¶ 10.

Under Fed. R. Civ. P. 5(a)(2), "[n]o service is required on a party who is in default for failing to appear," unless it is service of a pleading that "asserts a new claim for relief." Thus, where "an amended complaint is substantially similar to the prior pleading," a plaintiff need not serve the amended complaint on defaulting defendants. Absolute Activist Master Value Fund, Ltd. v. Ficeto, 2013 WL 1286170, at *15 (S.D.N.Y. Mar. 28, 2013) (citations omitted) (service of second amended complaint on defaulting parties unnecessary when the amended complaint asserted "nearly the exact same factual allegations of wrongdoing and causes of action"). But if an amended pleading "asserts a new claim for relief" against a defendant, it must be served under Fed. R. Civ. P. 4. See Fed. R. Civ. P. 5(a)(2); Boyce v. E.A. Techs., Inc., 2012 WL 161812, at *2 n.5 (S.D.N.Y. Jan. 19, 2012) (plaintiff must serve defaulting defendant because amended complaint brought new claims for relief). Here, while may of the factual allegations and claims for relief contained in the Second Amended Complaint are identical to the claims contained in the Amended Complaint, plaintiff included in the Second Amended Complaint a request to "lift the corporate veil" of InfraRead, with the intended result of obtaining additional relief against Blue and conceivably against InfraRead. Compare Amended Complaint, filed Feb 7, 2012 (Docket # 5) with Second Amended Complaint, filed Nov. 15, 2013 (Docket # 24), ¶ 61. Thus, we construe this request to pierce the corporate veil as "a new claim for relief." Accordingly, plaintiff's motion (Docket # 32) for a default judgment against Blue and InfraRead on the Second Amended Complaint should be denied inasmuch as the Second Amended Complaint was never properly served on Blue or InfraRead pursuant to Fed. R. Civ. P. 4.[1]

---

[1] For plaintiff's benefit, we note that he may, if he chooses, obtain a default judgment on the Amended Complaint as against InfraRead and Blue, notwithstanding the filing of the Second Amended Complaint. See, e.g., Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668–69 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978). This is because an amendment to a complaint supersedes the prior complaint only when it is served, not when it is filed. Id. at 669; see also Blair v. City of Worcester, 522 F.3d 105, 109 (1st Cir. 2008) ("[I]t is doubtful that the unserved amended complaint in fact superseded the original complaint."); Finkel v. Hall-Mark Elec. Supplies Corp., 2009 WL 3401747, at *3 (E.D.N.Y. Oct. 21, 2009) ("Supersedure is triggered by service, not filing."). This is true even if a plaintiff is pursuing liability against other defendants on the subsequent complaint. See Vesco, 556 F.2d at 668 n.3 ("It is immaterial that [the plaintiff] is proceeding against certain other defendants on the amended complaint, since they have been properly served with that complaint."); Finkel, 2009 WL 3401747, at *3 ("[T]here is nothing improper about holding one defendant in default of one complaint and other defendants liable on later complaints.").

In other words, if plaintiff is satisfied with obtaining default judgments based on the allegations as set forth in the Amended Complaint, he may file a new motion seeking default judgments on the Amended Complaint. If, however, plaintiff wishes to obtain default judgments based on the allegations in the Second Amended Complaint, he must properly serve Blue and InfraRead with that pleading pursuant to Fed. R. Civ. P. 4.

Conclusion

For these reasons, plaintiff's motion for a default judgment (Docket # 32) should be denied.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: July 22, 2013
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies to:

Billy James Sims
# 95198-071
FCI Seagoville
P.O. Box 9000
Seagoville, TX, 75159-9000

InfraRead Publishing, LLC
P.O. Box 223
Bronx, NY 10462

Leon Blue, Jr. / InfraRead Publishing, LLC
190 Sunset Street
Dumont, NJ 07628

Leon Blue, Jr. / InfraRead Publishing, LLC
221 E. 88 Street
Brooklyn, NY 11236

3