UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                             :

BILLY JAMES SIMS,                                         REPORT AND
                                                                           :                         RECOMMENDATION
                Plaintiff,
                                                                            :

   -v.-                                                                              12 Civ. 202 ( PAC ) (GWG)
                                                                           :

TERI WOODS et al.,                                       :

              Defendants.                      :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Billy James Sims brought this action for copyright infringement against numerous defendants.  For the reasons that follow, the case should be dismissed as against defendants Leon Blue, Jr. and InfraRead Publishing, LLC.

Background

      Sims initiated this action on January 10, 2012.  See Complaint, filed Jan. 10, 2012 (Docket # 1).  He filed an amended complaint on February 7, 2012, see Amended Complaint, filed Feb. 7, 2012 (Docket # 5), and a second amended complaint on November 15, 2012, see Second Amended Complaint, filed Nov. 15, 2012 (Docket # 24).  Sims moved for a default judgment against defendants Blue and InfraRead on the Second Amended Complaint on February 20, 2013.  See Motion for Default Judgments, filed Feb. 20, 2013 (Docket # 26) ("Feb. 20 Mot.").  The Court construed this motion as a request for entry of a default and denied it because there was no proof that the Second Amended Complaint had been served on any of the defendants.  See Memorandum Endorsement, dated Feb. 25, 2013 (Docket # 27).

      On May 9, 2013, Sims filed another motion for a default judgment as to Blue and InfraRead, noting that these defendants had been served by mail.  See Motion for Default Judgments, filed May 9, 2013 (Docket # 32) ("May 9 Mot."); Affirmation in Support of Motion for Default Judgments, dated May 6, 2013 (annexed to May 9 Mot.).  The undersigned issued a Report and Recommendation recommending that this motion be denied on the ground that it asserted a "new claim for relief," and that service by mail was therefore insufficient under Fed. R. Civ. P. 4.  See Report and Recommendation, dated July 22, 2013 (Docket # 33) ("Report").  The Report noted, however, that Sims was free to pursue a default judgment on the Amended Complaint against InfraRead and Blue, notwithstanding the filing of the Second Amended Complaint, because the Amended Complaint remained the operative pleading in light of the fact that the Second Amended Complaint had not been served on these defendants.  See Report at 2, n. 1.[1]

---

[1]  The district judge has not yet ruled on this Report and Recommendation.

Sims then filed the instant motion for a default judgment against InfraRead and Blue based on the Amended Complaint on August 27, 2013. See Motion for Default Judgments, filed Aug. 27, 2013 (Docket # 34) ("8/27 Mot."). The Clerk of Court issued a certificate of default as to these defendants on August 30, 2013 (Docket # 37). This Court issued an order on September 27, 2013, which stated that the papers filed in support of this motion for a default judgment were "insufficient to obtain a judgment . . . because they do not provide a basis for any award of damages." See Order, dated Sept. 27, 2013 (Docket # 40) ("Sept. 27 Order"), at 1. The order stated that, if Sims wished to pursue the motion for a default judgment against Blue and InfraRead, he must file a number of additional items with the Court. Most importantly, these items were to include an explanation for the basis of any claim for damages, and how the amount claimed was arrived at. Id. ¶ 1. The Court set a due date of October 31, 2013 for this submission. Id.

Sims failed to file the items required by the Sept. 27 Order by October 31, 2013, the due date specified in that order. On December 6, 2013, the Court issued another order, noting that the due date for these submissions had lapsed, and ordering Sims to "file an affidavit with the Court explaining why this action should not be dismissed for failure to prosecute." See Order, dated Dec. 6, 2013 (Docket # 42) ("Dec. 6 Order"). The Court set a due date of December 20, 2013 for the filing of this affidavit. Id. To date, Sims has neither submitted the items specified in the Sept. 27 Order, nor submitted the affidavit required by the Dec. 6 Order.

Discussion

Sims' motion for a default judgment should be denied because his papers provides no basis whatsoever to calculate damages against the two defendants at issue. See, e.g., Credit Lyonnais Sec. (USA) v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) ( "The district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."). Sims' papers state only that he "wish[es] to obtain default judgments" against the defendants. See Affirmation in Support of 8/27 Mot., ¶ 2. The prior motions for a default judgment also did not contain the required information. See Feb. 20 Mot.; May 9 Mot. The Court instructed plaintiff to cure this defect and he failed to do so. Accordingly, the motion for a default judgment (Docket # 34) should be denied.

In addition, the case as against these two defendants should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b), which provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."), reh'g denied, 371 U.S. 873 (1962)). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits." The rule specifically contemplates that a "claim against [a defendant]" — as opposed to

an entire "case" — may be dismissed under the Rule.

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal, see id.; Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is enough to note that plaintiff has not supplied information critical to the pursuit of his case against these defendants and has failed to comply with a court order instructing him to do so. Plaintiff was also asked to explain why his case should not be dismissed for failure to prosecute, see Dec. 6 Order, and failed to do so. Under these circumstances, the claims against Leon Blue, Jr. and InfraRead Publishing, LLC should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the motion for a default judgment (Docket # 34) should be denied, and all claims against defendants Leon Blue, Jr. and InfraRead Publishing, LLC should be dismissed with prejudice.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul Crotty, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 10, 2014
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

3